# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Criminal Action No. 06-191 (JAG) |
| | : | |
| ANTHONY PIETOSO | : | **ORDER** |
| | : | |

**GREENAWAY, JR., U.S.D.J.**

This matter comes before this Court on the motion (Docket Entry No. 26), filed by Anthony Pietoso ("Defendant"), seeking "a judicial order to the Bureau of Prisons directing Petitioner directly to home confinement at his 10% date." (Mot. Seeking Judicial Order that Pet'r be Allowed to Spend the Last 10% of his Time on Home Confinement Rather than in a Community Correction Center (hereinafter "Mot.") 3, July 7, 2008.) This motion was filed pursuant to 28 U.S.C. § 2241. For the reasons set forth below, this motion will be denied.

On October 31, 2006, this Court sentenced Defendant to a twenty-seven month term of imprisonment for "Conspiracy to Buy, Receive and Possess Stolen Goods" in violation of 18 U.S.C. § 371. (Judgment in a Criminal Case 2, Oct. 31, 2006.) Defendant began serving his sentence at the Federal Correctional Institution ("FCI") in Fort Dix, New Jersey and was transferred to FCI McKean, located within the Western District of Pennsylvania ("Western District"), on June 22, 2007. Pietoso v. U.S. Fed. Prison, No. 07-276, Report and Rec. at 4 (W.D. Pa. May 14, 2008). While at FCI McKean, on October 12, 2007, Defendant filed with the District Court for the Western District a petition seeking the issuance of a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. (Mot., October 12, 2007.) On May 14, 2008, Chief Magistrate

1

Judge Susan Paradise Baxter issued a Report and Recommendation recommending the denial of Defendant's petition. Defendant timely filed objections to the Report and Recommendation. (Objection to Mag. J. Report and Rec., May 22, 2008.) District Judge Sean McLaughlin, by order dated May 29, 2008, adopted the Report and Recommendation. (Mem. Order, May 29, 2008.) Subsequently, Defendant filed the present motion before this Court on July 7, 2008. (Mot., July 7, 2008.)

The motion presently before this Court is identical[1] to the motion Defendant originally filed in the Western District. Thus, this Court must evaluate Defendant's motion in light of the principles of res judicata:

> The general rule of res judicata applies to repetitious suits involving the same cause of action. It rests upon considerations of economy of judicial time and public policy favoring the establishment of certainty in legal relations. The rule provides that when a court of competent jurisdiction has entered a final judgment on the merits of a cause of action, the parties to the suit and their privies are thereafter bound 'not only as to every matter which was offered and received to sustain or defeat the claim on demand, but as to any other admissible matter which might have been offered for that purpose.' Cromwell v. County of Sac, 94 U.S. 351, 352 (1877). The judgment puts an end to the cause of action, which cannot again be brought into litigation between the parties upon any ground whatever, absent fraud or some other factor invalidating the judgment.

Commissioner v. Sunnen, 333 U.S. 591, 597 (1948) (citation omitted). The Third Circuit has noted that the res judicata doctrine requires a showing "that there has been (1) a final judgment

---

[1] The motion presently before this Court appears to be a copy of the motion Plaintiff filed in the Western District. Plaintiff did not change the court to which the present motion is addressed. The motion before this court reads, "In the United States District Court for the Western District of Pennsylvania." (Mot. 1.) Plaintiff also entitled both motions, "Motion Seeking Judicial Order that Petitioner be Allowed to Spend the Last 10% of his Time on Home Confinement Rather Than in a Community Correction Center." (Compare Mot., Oct. 12, 2007 and Mot., July 7, 2008.) Lastly, Plaintiff's present motion includes, next to his signature, a date of October 2007, the same time Plaintiff filed his original motion in the Western District. (Mot. 3, July 7, 2008.)

2

on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." United States v. Athlone Indus. Inc., 746 F.2d 977, 983 (3d Cir. 1984).

The three requirements for the application of res judicata principles are satisfied here. First, the judgment in the Western District was valid, final, and on the merits. The time for Defendant to file an appeal has expired and he has not filed an appeal. FED. R. APP. P. 4(a)(1). Second, the parties in this action are identical to those in the prior action. Defendant, once again brings this cause of action against the United States. (Compare Mot., Oct. 12, 2007 and Mot., July 7, 2008.) Third, the subsequent suit is based on the same cause of action. In fact, Defendant's present motion is identical in every respect to his original motion filed in the Western District. (See id.) The Third Circuit has held that two suits involved indistinguishable claims for relief where only one paragraph of a second complaint was new. Hubicki v. ACF Indus., Inc., 484 F.2d 519, 524 (3d Cir. 1973). Here, the complaint is the same in all respects.

This Court concludes that Defendant's present motion is barred by the doctrine of res judicata. Therefore,

IT IS on this 30th day of July, 2008,

ORDERED that Defendant's motion (Docket Entry No. 26) is DENIED; and it is further

ORDERED that a copy of this Order be served on all parties within seven (7) days of the date of entry of this Order.

        S/Joseph A. Greenaway, Jr.
        JOSEPH A. GREENAWAY, JR., U.S.D.J.